**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **STATE OF CALIFORNIA**, | **CIVIL ACTION** |
| Plaintiff, | |
| **v.** | **Case No**. 19-3281 |
| **TEVA PHARMACEUTICAL INDUSTRIES, LTD.**, *et al*. | |
| Defendants. | |

**ORDER GRANTING PLAINTIFF STATE OF
CALIFORNIA'SMOTION FOR FINAL APPROVAL
OF THE CONSUMER SETTLEMENT AND ENTRY OF
THE STIPULATED STATE INJUNCTION ORDER**

Upon review and consideration of the Consumer Settlement and the stipulated State Injunction Order, as specified in the Settlement Agreement between the State of California ("California") and Teva Pharmaceutical Industries Ltd., on behalf of itself and its wholly-owned subsidiaries Cephalon, Inc., Teva Pharmaceuticals USA, Inc., and Barr Pharmaceuticals, Inc. (collectively, "Teva"), Plaintiff State of California's Motion For Final Approval of the Consumer Settlement and Entry of the Stipulated State Injunction Order and Memorandum of Law in Support thereof (Doc. No. 24), the supporting Declaration of Pamela Pham and exhibits thereto (Doc. No. 25), the supporting Declaration of Eric Miller and exhibits thereto (Doc. No. 26), the supporting Declaration of Harry Snyder and exhibit thereto (Doc. No. 27), California's Supplemental Memorandum in Support (Doc. No. 28) as well as the memoranda and the declarations filed in support of Plaintiff State of California's request for Preliminary Approval of the Consumer Settlement, including but not limited to the supporting Declaration of Cheryl Lee Johnson and exhibits (Doc. No. 2), and also the arguments

and presentations made at the Final Fairness Hearing held on February 26, 2020, **IT IS HEREBY ORDERED THAT:**

<u>**Jurisdiction**</u>

1.       This Court has subject matter jurisdiction over this Action and has personal jurisdiction over each of the Parties.

<u>**Notice to the Eligible Consumers**</u>

2.       Notice to the Eligible Consumers of the Consumer Settlement[1] as required by California Business and Professions Code Section 16760 (the "*Parens Patriae* Statute") and Due Process, has been provided as directed by this Court in the Preliminary Approval Order (ECF No. 8) via US mail to those members of the Class who could be reasonably and economically identified and by publication in targeted print and digital media placements and constitutes the best notice practicable, satisfying the *Parens Patriae* Statute, Federal Rules of Civil Procedure, Due Process and other applicable laws.

<u>**Final Approval of the Consumer Settlement and the Distribution Plan**</u>

3.       The Consumer Settlement reached between California and Teva, which provides for monetary compensation to California's Eligible Consumers in the amount of $25,2500,000 and injunctive relief through February 21, 2029, in exchange for, *inter alia*, the release and dismissal with prejudice of all *parens patriae* claims asserted in the Settlement Complaint, is fair, reasonable and adequate in all respects, and in the best interests of the Eligible Consumers.

4.       The Consumer Settlement, which was arrived at as a result of arm's-length

---

[1] This Order hereby incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Settlement Agreement.

negotiations conducted by highly experienced counsel after years of litigation, provides direct benefits to Eligible Consumers while avoiding the substantial risks and delay of trial.

5.      The State's Distribution Plan, which sets forth the proposed allocation of the Consumer Fund, treats Eligible Consumers in a manner that is equitable and distributes the Settlement Funds to Eligible Consumers based on the extent of their injuries. As such, it is fair and reasonable and the formula provided for the calculation of the claims of Eligible Consumers who have submitted claims provides a fair and reasonable basis upon which to allocate the net proceeds of the Settlement Funds among Eligible Consumers. Likewise, the method of processing claims is fair and reasonable.  In addition, the distribution of any unclaimed portion of the Consumer Fund to *cy pres* recipients following the procedures set forth in the declaration of the neutral third-party administrator retained by California, Mr. Harry Snyder, is fair, reasonable and adequate because it only applies once Eligible Consumers who have submitted valid claims receive a full recovery from the Consumer Fund, ensures that claimants are not overcompensated at the expense of non-claimants, and puts the residual settlement funds to their next best use.  Accordingly, the Court finds that the Distribution Plan is, in all respects, fair and reasonable to the Eligible Consumers and approves the form and manner of distribution as provided in the Distribution Plan.

6.      Eligible Consumers, having been provided notice of the terms of the Consumer Settlement, responded positively to the settlement. The Court has considered and finds that the objections filed in this Action do not call into question this Court's finding that the Consumer Settlement is fair, reasonable, and adequate, and therefore overrules the objections filed herein.

7.      As entry of the stipulated State Injunction Order is necessary to enable California to ensure Teva's compliance with the Consumer Settlement and as this Court has already

approved and entered a substantially similar stipulated injunction order in the FTC Case on February 21, 2019, entry of the stipulated State Injunction Order is also appropriate here.

8.     Based upon the foregoing, which takes into account each of the factors specified in Rule 23(e)(2), as set forth in Girsh v. Jepson, 521 F.2d 153 (3d Cir. 1975), In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions, 148 F.3d 283 (3d Cir. 1998), and In re Baby Products Antitrust Litig., 708 F.3d 163 (3d Cir. 2013), and applied herein to the Consumer Settlement obtained by California under *parens patriae* authority, the Court finds that the Consumer Settlement and the Distribution Plan are fair, reasonable and adequate and finally approved and that the stipulated State Injunction Order should be entered.

9.     The Parties are directed to promptly consummate and administer the Consumer Settlement and the State Injunction Order in accordance with the terms of the Settlement Agreement.

## Dismissal of Claims

10.   The claims asserted by California in the Settlement Complaint are hereby dismissed with prejudice.

## Retention of Jurisdiction

11.     The Court reserves exclusive and continuing jurisdiction over the Parties, without affecting the finality of this Final Approval Order, for purposes of all matters relating to the administration, interpretation, effectuation, consummation or enforcement of the Consumer Settlement and State Injunction Order, as specified in the Settlement Agreement, including without limitation the disbursement of the Consumer Fund by direct and *cy pres* distribution and any award of fees and costs to third-party administrators in the course of the disbursement of the Consumer Fund.

### Release and Entry of Judgment

12.   The Court hereby approves the release of claims of Eligible Consumers, as specified in the Settlement Agreement, as binding and effective as to those Eligible Consumers who have not timely excluded themselves from the Consumer Settlement and permanently bars and enjoins Eligible Consumers from asserting any Released Claims (as defined in the Settlement Agreement).

13.   The Court further directs that, for a period of five years, the Clerk of the Court shall maintain the record of those Eligible Consumers who have timely excluded themselves from the Consumer Settlement and that a copy of such records shall be provided to the Parties.  The Clerk is further directed to enter the State Injunction Order by entering Judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this Judgment in this Action, which Judgment shall be final and appealable.

The Clerk of Court shall mark this case **CLOSED**.

**IT IS SO ORDERED** this 10th day of June, 2020.

BY THE COURT:

*/s/ Mitchell S. Goldberg*

MITCHELL S. GOLDBERG, J.