IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STATE OF CALIFORNIA**, <br><br> Plaintiff, <br><br> v. <br><br> **TEVA PHARMACEUTICAL INDUSTRIES, LTD.**, *et al*. <br><br> Defendants. | CIVIL ACTION <br><br> Case No. 19-3281 |

**PLAINTIFF STATE OF CALIFORNIA'S MOTION FOR ORDER AUTHORIZING DISTRIBUTION OF THE CONSUMER FUND AND PERMITTING ADDITIONAL LATE CLAIMS**

In accordance with the Order Granting Plaintiff State of California's Motion for Final Approval of the Consumer Settlement and Entry of the Stipulated State Injunction Order (Final Approval Order, ECF No. 33) and the Distribution Plan approved therein, Plaintiff State of California ("California") respectfully moves this Court for an Order:

(i) Approving the administrative determinations and recommendations of Settlement Administrator A.B. Data, Ltd. ("AB Data") concerning the 11,012 Claim Forms submitted by Eligible Consumers in this action as of June 17, 2022;

(ii) Authorizing the disbursement of $8,145,552.69 of the Consumer Fund to 6,169 claimants whose Claim Forms have been validated by AB Data;

(iii) Allowing additional late Claim Forms to be submitted to AB Data for review no later than ninety (90) days from the date of entry of the distribution order, after which further claims against the Consumer Fund will be finally and forever barred.[1]

---

[1] All capitalized terms used in this motion have the same meaning as set forth in the Court-approved Settlement Agreement with its accompanying Escrow Agreement (Exhibit 3) and Distribution Plan (Exhibit 4), and the Court's orders in this action.

This motion is supported by the accompanying Proposed Order and Declaration of Eric J. Miller with supporting Exhibits ("Miller Decl."), and by the following:

1. On August 8, 2019, the Court granted preliminary approval of the Consumer Settlement, as specified in the Settlement Agreement between the State of California and Teva Pharmaceutical Industries Ltd., on behalf of itself and its wholly-owned subsidiaries Cephalon, Inc., Teva Pharmaceuticals USA, Inc., and Barr Pharmaceuticals, Inc. (collectively, "Teva"). The Preliminary Approval Order required, *inter alia*, AB Data's implementation of the approved Notice Plan and claims submission process, and prescribed a window for filing a claim against the Consumer Fund that closed on January 15, 2020. Preliminary Approval Order, ECF No. 8.

2. On June 10, 2020, the Court granted final approval of the Consumer Settlement and its Distribution Plan (ECF No. 2-3 at pp. 104-107). Final Approval Order, ECF No. 33. The approved Distribution Plan provides that the Consumer Fund and all accrued interest will be distributed to Eligible Consumers first through direct cash payments of claims from Eligible Consumers that have been vetted for legitimacy, and thereafter through *cy pres* distribution. Memorandum Opinion, ECF No. 32 at pp. 31-32. As to the direct cash payments, Eligible Claimants will be reimbursed based on the number of prescriptions reported on the Claim Form that is approved by AB Data, as follows:

> Each California Claimant shall be entitled to claim the Recovery Per Prescription for each prescription filled as reported on that claimant's Claim Form and vetted for legitimacy by [AB Data]. To more fully compensate California Eligible Consumers and incentivize them to submit claims, if the proportion of Total California Prescriptions submitted for claims (the "Claims Rate") is 20% or less, each California Claimant shall be entitled to receive 200% of his or her Recoveries Per Prescription, or $42.68 per prescription. If the claims Rate is between 20% and 40%, each California Claimant shall be entitled to receive 150% of his or her Recoveries per Prescription, or $32.01. If the Claims Rate is 40% or greater, each California Claimant shall receive 100% of his or her Recoveries Per Prescription.

*Id.* at p. 32.

3. The time for appeal from the Final Approval Order has run. See Fed. R. App. Pro. 4(a)(1)(A). No appeal has been taken.

4. Pursuant to the terms of the Consumer Settlement, the Consumer Fund continues to be held in an escrow account at The Huntington National Bank (hereinafter, "Huntington"). Escrow Agreement, ECF No. 2-3 at pp. 92-103. As of August 31, 2022, the Consumer Fund has $25,424,498.31 available for disbursement, including the original Consumer Settlement payment in the amount of $25,250,000.00 and accrued interests in the amount of $174,498.31. Miller Decl. ¶ 20(c).

5. As of June 17, 2022, AB Data received and processed a total of 11,012 Claim Forms submitted by potential Eligible Consumers. There were 3,137 paper Claim Forms and 7,875 online Claim Forms, including Claim Forms that arrived by mail after the January 15, 2020 deadline. Miller Decl. ¶ 5.

6. Given the well-reported disruptions in mail service throughout the COVID-19 pandemic, as well as the disruptions caused by COVID-related health and safety protocols, to ensure that the state's Eligible Consumers received due time to participate in the Consumer Settlement, Counsel for the State of California asked AB Data not to reject any Claim Form on the basis of its late submission. Counsel also asked AB Data to allow for time extensions to respond to deficiency notices to accommodate claimants experiencing difficulties during these times. Miller Decl. ¶¶ 11-14; ECF Nos. 36-1 (Status Report).

7. A total of 11,012 Claim Forms are subject to this motion. All have been reviewed and audited by AB Data. In consultation with Counsel for the State of California, AB Data has undertaken numerous rounds of outreach to claimants with deficient claim forms in an effort to resolve the problem that rendered the claim deficient or ineligible. In aggregate, AB Data sent

over 6,565 letters by first-class U.S. mail, and also made telephone calls and sent emails in certain instances, to the claimants about the deficiencies or ineligibility presented in their Claim Forms.  Miller Decl. ¶¶ 5-17.

8. AB Data has completed the required claims administration and auditing processes.  AB Data recommends that 4,843 Claim Forms representing 18,048,526 prescriptions be found ineligible on the basis they are duplicative of another claim, have been withdrawn by the claimant, lack the required verification of eligibility by the claimant, lack a sufficient response by the claimant to AB Data's audit letter, and/or were submitted by known fraudulent filers.  As to the remaining 6,169 Claim Forms representing 254,469 prescriptions, AB Data has determined that they are legitimate claims and warrant direct cash payments by order of the Court, including the 234 Claim Forms for 12,037 prescriptions that arrived after the January 15, 2020 deadline prescribed by the Preliminary Approval Order.  Miller Decl. ¶¶ 15-18.

9. AB Data has not rejected any Claim Forms received through June 17, 2022, solely based on its late submission.  AB Data has advised that it believes no delay has resulted from the provisional acceptance of these late claims.  AB Data further advised that should additional new Claim Forms or, responses to notices of deficiencies, or corrections to previously submitted Claim Forms be received after June 17, 2022, but no later than ninety (90) days from the distribution order, AB Data will consult with Counsel for the State of California to determine if such additional claims should be paid in a supplemental distribution from any balance remaining in the Consumer Fund.  Miller Decl. ¶ 19.

10. Should the Court concur with AB Data's recommendations as to the 6,169 Claim Forms it has validated, including the late submissions among them, then in accordance with the Distribution Plan approved by the Court, AB Data recommends calculating each Eligible

Consumer's payment at $32.01 per prescription, for a total direct cash payment in this round of $8,145,552.69.  Thereafter, the remaining balance of the Consumer Fund will be approximately $17,278,945.62.  Miller Decl. ¶¶ 15, 16, 18, 19, 20(a), and 20(c).

11. Upon approval by the Court, AB Data will promptly mail Eligible Consumers their appropriate share of the Consumer Fund.  These checks will have a stale date of ninety (90) days to encourage Eligible Consumers to promptly cash their distribution checks and to avoid or reduce future expenses related to unpaid distributions.  For any checks returned as undeliverable or not cashed, AB Data will make reasonable efforts to have Eligible Consumer cash their checks.  At such time that Counsel for the State of California and AB Data have determined that reasonable efforts have been exhausted, but no earlier than one hundred twenty (120) days from the issue of the checks, the payments to Eligible Consumer have been not been cashed will revert back to the Consumer Fund and distributed *cy pres* to public interest organizations as provided by the approved Distribution Plan and upon approval of the Court.  Miller Decl. ¶¶ 20(b)-(c).

12. AB Data anticipates that of the remaining balance of the Consumer Fund, $2,500,000.00 will be needed for any necessary adjustments in payments to Eligible Consumers upon receiving sufficient proof to correct errors on the subject Claim Forms (*e.g.*, claimant's incorrect entry of the number of prescriptions on their Claim Form), for payment of any additional late claims approved by the Court, and/or for payment of additional taxes, costs, and administration fees.[2]  Miller Decl. ¶ 20(d).  Unless otherwise ordered by the Court, one (1) year after the initial distribution of the payments to Eligible Consumers, AB Data will destroy the paper and electronic copies of the claims and all supporting documentation.  Miller Decl. ¶ 21.

---

[2] Pursuant to the terms of the approved Settlement Agreement, AB Data's administrative fees and costs are paid solely and directly from the State Proprietary Fund, and not from the Consumer Fund.  ECF No. 2-3 at pp. 18-22.

13. For the foregoing reasons, California respectfully requests an Order (i) approving AB Data's administrative determinations and recommendations concerning the 11,012 Claim Forms subject to this motion; (ii) authorizing the distribution of $8,145,552.69 from the Consumer Fund to 6,169 claimants with approved Claim Forms, as provided by the approved Distribution Plan; and (iii) setting a final cut-off date for the submission of further claims against the Consumer Fund by potential Eligible Consumers who have not yet submitted a Claim Form in this action, which date should be no later than ninety (90) days from the date of entry of the distribution order requested by this motion.

14. Defendants do not oppose this motion.

Dated: September 20, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
KATHLEEN E. FOOTE
Senior Assistant Attorney General
NATALIE S. MANZO
Supervising Deputy Attorney General

/s/ PAMELA PHAM

_____
PAMELA PHAM
Pamela.Pham@doj.ca.gov

WINSTON CHEN
Winston.Chen@doj.ca.gov
ANIK BANERJEE
Anik.Banerjee@doj.ca.gov
MINA NOROOZKHANI
Mina.Noroozkhani@doj.ca.gov
Deputy Attorneys General
California Office of the Attorney General
300 South Spring Street, Suite 1702
Los Angeles CA 90012
Tel: (213) 269-6000

*Attorneys for Plaintiff State of California*

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2022, a true and correct copy of the foregoing document was electronically filed, will be available for viewing and downloading from the Court's ECF system and will be served by CM/ECF upon all counsel of record.

/s/ Pamela Pham
_____
Pamela Pham